## Murdoch, Appellant, v. Pittsburg (No. 2).

*Road law—Exceptions to report of jury of view—Amount of benefits.*

Exceptions to report of viewers assessing benefits to pay for the costs and expenses of grading, paving and curbing a city street, are properly dismissed, where the exceptions do not question the liability of the assessments, nor the regularity of the proceedings, nor the action of the viewers in any way, except that they erred in judgment in determining the amount of benefits.

Argued Oct. 29, 1908. Appeals, Nos. 169, 170 and 172, Oct. T., 1908, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1907, No. 275, dismissing exceptions to report of viewers in case of Lydia A. Murdoch et al. v. City of Pittsburg. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of viewers.

EVANS, J., filed the following opinion:

This cause comes on to be heard on exceptions to a viewers' report, appointed for the purpose of assessing benefits and awarding damages for the grading, paving and curbing of Darlington road.

By the report of the board of viewers it appears that the assessment of benefits was made to cover only the cost of the improvement; that no property was taken, injured or destroyed, and that no assessment of benefits was made to pay the damages for property taken, injured or destroyed. Therefore, under the rulings of the court in Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413, no appeal would lie from the report of the viewers. The exceptions filed go simply to the question of the amount of benefits which should be assessed against the exceptant's property. There is no question as to whether the viewers proceeded upon a proper legal basis in making the report; there is no error in the law on the part of the board of viewers alleged. The exceptions raise simply a question of

fact, namely, was the property benefited to the extent of the amount assessed against it by the viewers. And this raises the question as to whether, under such circumstances, where there is no complaint made as to the actions of the board of viewers except that it erred in judgment in determining the question of fact as to the amount of benefits which the property sus-tained by reason of the improvement, exceptions would lie to such a mistake on the part of the board of viewers. The question is not without some difficulty, because in view of the fact that the amendment of the act of 1891, by the Act of April 2, 1903, P. L. 124, takes away in such cases as this the right to appeal to a jury, and the denial of the property holder of the right to file exceptions and have a review of the finding of the board of viewers by the court would make, in such cases as this, the judgment of the board of viewers final and conclusive upon the parties. And yet it is hardly possible that the law contemplates that the court shall sit as a board of viewers upon the question as to the amount and character of the benefits which abutting property has sustained because of a public improvement. It would require that the court should sit as viewers; that in order to properly dispose of the matter that the court should view the premises, because no person can have a proper understanding of the effect of a public improvement upon abutting properties without going upon the premises and viewing the improvement. Certainly the law did not intend that this burden should be put upon the court. But it is argued by the exceptant that the court in its judgment could refer this back to the same or another board of viewers. It is probable that under the provisions of the act of 1891 that if the conduct of the viewers was so far wrong that the court might reasonably infer that their assessment was fraudulent, that it would be the duty of the court to refer the case to another board of viewers. But experience has taught us that the great majority of persons assessed benefits for the payment of the cost of public improvement are clearly of the opinion that their property has been assessed too high, and if in every case of exception we are to appoint a commissioner to take testimony, as requested in this case, and either pass upon the question of the amount of the

assessment or refer it back to another board of viewers, it is going to place upon the courts a burden which we think the law did not contemplate. It will be observed that the costs and expenses of these views are paid by the municipality; there is therefore no check upon exceptants by reason of the fact that a failure to sustain their position might mulct them in costs. The exceptions are dismissed.

*Error assigned* was in dismissing exceptions to report of viewers.

*J. M. Shields,* with him *Allan B. Angney* and *McKenna & McKenna,* for appellant, cited: Perrysville Avenue, 210 Pa. 537; Omega Street, 152 Pa. 129; Pittsburg Mfg. Co.'s App., 158 Pa. 464.

*A. M. Thompson,* with him *W. B. Rodgers* and *Lee C. Beatty,* for appellee, cited: Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413.

PER CURIAM, January 4, 1909:

These appeals are from orders dismissing exceptions to the report of viewers assessing benefits to pay for the costs and expenses of grading, paving and curbing a city street. The exceptions did not question the liability to assessment nor the regularity of the proceedings, nor the action of the viewers in any way except that they erred in judgment in determining the amount of benefits.

The appeals are dismissed and the orders are affirmed on the opinion of Judge EVANS.